UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J. WATZKE,<br><br>             Plaintiff,<br><br>      v.<br><br>INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, et al.,<br><br>             Defendants. | Case No. 23-cv-00890-JST<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMSSING CASE**<br><br>Re: ECF No. 1 |

Plaintiff Nicholas Watzke filed this *pro se* action. Watzke submitted an application to proceed *in forma pauperis*, ECF No. 2, which includes affidavit showing that he is unable to pay the fees required to commence the instant action. *See* 28 U.S.C. § 1915(a). Accordingly, Watzke's application is granted. The Court now screens Plaintiff's complaint, ECF No. 1, pursuant to 28 U.S.C. § 1915(e)(2).

**I.     STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall dismiss an action brought by a plaintiff proceeding in forma pauperis if the court determines that the action fails to state a claim on which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ([S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure

to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id*. *Pro se* pleadings must be liberally construed and the Court must take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff. *Id*.

## II. DISCUSSION

The complaint names as defendants the International Alliance of Theatrical Stage Employees, Charles Watzke, and Renee Kopie. ECF No. 1 at 2. In the complaint, Watzke alleges that he was kidnapped when he was a child, that his children were kidnapped and extorted to induce Watzke to work for an unidentified entity or entities, and that he was denied his inheritance. *Id.* at 4. Watzke seeks one billion dollars in damages and brings claims under 18 U.S.C. §§ 241, 242, 1111, 1113, 2381, 2384, and 50 U.S.C. Ch. 44.

The Court DISMISSES this action for the following reasons, each of which is an independent ground for dismissal.

First, Watzke brings all but one of his claims under federal criminal statutes that do not provide private rights of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under 18 U.S.C. §§ 241, 242); *Steen v. Rostram*, No. 12-cv-15016, 2012 WL 5844186, at *2 (E.D. Mich. Nov. 19, 2012) (no private right of action under 18 U.S.C. § 1111); *Yegorov v. Spain*, No. 2:18-cv-1732-KJM-EFB PS, 2019 WL 5091151, at *2 (E.D. Cal. Jul. 17, 2019) (no private right of action under 18 U.S.C. § 1113); *Barrett v. Biden*, No. 1:22-cv-02823 (UNA), 2022 WL 16528195, at *2 (D.D.C. Oct. 25, 2022) (no private right of action under 18 U.S.C. § 2381); *Carmichael v. Cnty. of San Diego*, No. 19-cv-01750-GPC-AGS, 2019 WL 6716728, at *6 (S.D. Cal. Dec. 10, 2019) (no private right of action under 18 U.S.C. § 2384). Consequently, those claims must be dismissed. As to the final claim, Watzke invokes Chapter 44 of Title 50 of the U.S. Code, which concerns matters of national security. The complaint fails to specify which section of Chapter 44 governs Watzke's claim, there are no facts alleged in the complaint that implicate national security, and the court is unaware of any provision in Chapter 44 that creates a private right of action. Therefore, this claim must also be dismissed. *Cf. Green v.*

*Tenn. Dep't Hum. Servs.*, No. 3:08-0306, 2008 WL 2074113, at *2-3 (M.D. Tenn. May 14, 2008).

Second, the complaint lacks facts sufficient to "give the defendant[s] fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[]. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint does not identify who allegedly kidnapped Watzke and his children, who allegedly extorted Watzke, where Watzke allegedly worked, for whom Watzke allegedly worked, what the source of Watzke's alleged inheritance was, how these events had any bearing on that inheritance, or when these events allegedly occurred. The complaint thus fails to proffer "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Accordingly, this action is DISMISSED for failure to state a claim. The dismissal is with prejudice because amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). The Clerk shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: April 5, 2023



JON S. TIGAR
United States District Judge